## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD LEE GIBBS,** | : | **CIVIL ACTION NO. 1:23-CV-1360** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **C.O. BEGIC,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Edward Lee Gibbs, a prisoner in Camp Hill State Correctional Institution ("SCI-Camp Hill"), alleges violations of his civil rights by several SCI-Camp Hill employees. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it in part and without prejudice for failure to state a claim upon which relief may be granted. Gibbs will be granted leave to file an amended complaint.

## I. <u>Factual Background & Procedural History</u>

According to the complaint, Gibbs was walking to attend outside recreation on December 15, 2022, when he informed defendants Begic and Pitts, who were both working as correctional officers in the prison, that there was a leak in the ceiling. (Doc. 1 at 5). Pitts allegedly responded that work orders had been submitted to the prison for years but that the problem had not been fixed. (<u>Id.</u>) Begic allegedly told Gibbs to "stop bitching" and stated that it was not their

problem.  (Id.)  Pitts then told Gibbs that he should tell Koser, a lieutenant in the prison, about the leak.  (Id.)

Gibbs spoke with Koser about the leak "at a later date."  (Id.)  Koser told him that the leak had existed for years and that he had submitted several work orders to have it fixed, but that the prison had not fixed it.  (Id.)  At approximately 4:15 p.m. that day, defendants Begic and Hart, another correctional officer, escorted Gibbs back to his cell.  (Id.)  Gibbs allegedly walked through a puddle on the floor, slipped, and fell.  (Id.)  The fall caused him to lose consciousness for a short time.  (Id.)  He then regained consciousness and began "yelling in extreme pain."  (Id.)  He was transported to the prison's medical department at approximately 4:22 p.m., where his shoulder was placed in a sling and he was given medication for injuries to his shoulder and back.  (Id.)  The prison allegedly began construction to fix the leak in April 2023.  (Id.)  Gibbs alleges that the conditions of his confinement that led to his fall violated the Eighth Amendment.  (Id. at 6).  He seeks declaratory relief and damages.  (Id.)

## II.    <u>Legal Standard</u>

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  <u>See</u> 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III.   Discussion

Gibbs brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Gibbs's conditions of confinement claim, we will dismiss it without prejudice for failure to state a claim upon which relief can be granted.  To state an Eighth Amendment conditions of confinement claim, plaintiffs must allege (1) that they were subjected to an objectively, sufficiently serious deprivation that resulted in the denial of minimal civilized measures of life's necessities and (2) that defendant prison officials were deliberately indifferent to inmate health or safety. Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer, 511 U.S. at 834).  The defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  An evaluation of the context of the claim is necessary.  "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone. . . ."  Id. at 304.

Gibbs's conditions of confinement claim is based on allegations that defendants were aware of a leak in the ceiling for a prolonged period of time and did not take sufficient action to fix the leak.  Absent allegations that the leak caused serious risks of harm to inmates, a leaky ceiling is not by itself a sufficiently serious condition to give rise to an Eighth Amendment conditions of confinement claim. See, e.g., McIntosh v. Sabol, No. 3:14-CV-822, 2017 WL 1380448, at *4 (M.D. Pa. Apr.

13, 2017) (citing <u>Allah v. Ricci</u>, 532 F. App'x 48, 51 (3d Cir. 2013); <u>Cunningham v. Doe</u>, No. 3:12-CV-934, 2012 WL 3879245, at *13 (M.D. Pa. Aug. 13, 2012), *report and recommendation adopted*, No. 3:12-CV-934, 2012 WL 3879245, at *1 (M.D. Pa. Sept. 6, 2012).  We accordingly find that the complaint does not state an Eighth Amendment conditions of confinement claim upon which relief may be granted based on the alleged leak in the ceiling.

We liberally construe the complaint, however, to additionally advance a claim that defendants Begic and Hart were deliberate indifferent to Gibbs's safety when they allowed him to walk through the puddle that caused him to slip and fall.  The complaint alleges that Begic and Hart were aware that there was a puddle on the ground but led Gibbs to walk through the puddle, which caused him to fall and sustain injuries to his shoulder and back.  We find these allegations sufficient to state a deliberate indifference claim upon which relief may be granted.

Before dismissing civil rights claims for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  <u>Phillips v. Allegheny Cty.</u>, 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend is appropriate here because Gibbs's conditions of confinement claim is factually, rather than legally, deficient.

**IV.**    **<u>Conclusion</u>**

We will dismiss the complaint in part pursuant to 28 U.S.C. § 1915(e)(2) and

28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Gibbs will be granted leave to amend.  An appropriate order shall issue.

/S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 22, 2023