## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD LEE GIBBS, | : | CIVIL ACTION NO. 1:23-CV-1360 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| C.O. BEGIC, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Edward Lee Gibbs, a prisoner in Camp Hill State Correctional Institution ("SCI-Camp Hill"), alleges violations of his civil rights by several SCI-Camp Hill employees. Following our partial dismissal of the original complaint and granting of leave to file an amended complaint, Gibbs has filed a motion for leave to amend and a proposed amended complaint. We will grant the motion, dismiss the amended complaint in part pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, and order service of the amended complaint with respect to defendants Begic and Hart only.

## I.    Factual Background & Procedural History

Gibbs filed his original complaint on August 10, 2023. (Doc. 1). The court dismissed the complaint in part for failure to state a claim on August 22, 2023, and granted Gibbs leave to amend the complaint on or before September 22, 2023. (Docs. 6-7). Gibbs filed the instant motion for leave to amend along with a proposed amended complaint on September 15, 2023, and the court received and docketed it

on September 20, 2023.  (Docs. 8, 8-1).  Because the motion was filed before the deadline by which the court had already granted Gibbs leave to amend, the court will grant the motion for leave to amend and deem the amended complaint filed.

According to the amended complaint, Gibbs was walking to attend outside recreation on December 15, 2022, when he informed defendants Begic and Pitts, who were both working as correctional officers in the prison, that there was a leak in the ceiling.  (Doc. 8-1 at 5).  Pitts allegedly responded that work orders had been submitted to the prison for years but that the problem had not been fixed.  (Id.)  Begic allegedly told Gibbs to "stop bitching" and stated that it was not their problem.  (Id.)

At approximately 4:15 p.m. that day, defendants Begic and Hart, another correctional officer, escorted Gibbs back to his cell.  (Id.)  Gibbs allegedly walked through a puddle on the floor, slipped, and fell.  (Id.)  The fall caused him to lose consciousness for a short time.  (Id. at 6).  He then regained consciousness and began "yelling in extreme pain."  (Id.)  He was transported to the prison's medical department at approximately 4:22 p.m., where his shoulder was placed in a sling and he was given medication for injuries to his shoulder and back.  (Id.)

Gibbs allegedly spoke with defendant Koser on an unspecified date about the leak in the ceiling.  (Id.)  Koser told him that the leak had existed for years and that he had submitted several work orders to have it fixed, but that the prison had not fixed it.  (Id.)  The prison allegedly began construction to fix the leak in April 2023. (Id.)  Gibbs alleges that the conditions of his confinement that led to his fall violated the Eighth Amendment.  (Id. at 7).  He seeks declaratory relief and damages.  (Id.)

2

II.    **<u>Legal Standard</u>**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

### III.  __Discussion__

Gibbs brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state an Eighth Amendment conditions of confinement claim, plaintiffs must allege (1) that they were subjected to an objectively, sufficiently serious deprivation that resulted in the denial of minimal civilized measures of life's necessities and (2) that defendant prison officials were deliberately indifferent to inmate health or safety.  Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer, 511 U.S. at 834).  The defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  An evaluation of the context of the claim is necessary.  "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone. . . ."  Id. at 304.

Gibbs's conditions of confinement claim suffers from the same pleading defects as the conditions of confinement claim in his original complaint.  The claim alleges that defendants were aware of a leak in the ceiling for a prolonged period of

time and did not take sufficient action to fix the leak, but absent allegations that the leak caused serious risks of harm to inmates, a leaky ceiling is not by itself a sufficiently serious condition to give rise to an Eighth Amendment conditions of confinement claim.  See, e.g., McIntosh v. Sabol, No. 3:14-CV-822, 2017 WL 1380448, at *4 (M.D. Pa. Apr. 13, 2017) (citing Allah v. Ricci, 532 F. App'x 48, 51 (3d Cir. 2013); Cunningham v. Doe, No. 3:12-CV-934, 2012 WL 3879245, at *13 (M.D. Pa. Aug. 13, 2012), *report and recommendation adopted*, No. 3:12-CV-934, 2012 WL 3879245, at *1 (M.D. Pa. Sept. 6, 2012).  The amended complaint does not allege that the leak caused a serious risk of harm to inmates and therefore does not state an Eighth Amendment conditions of confinement claim upon which relief may be granted.

Like the original complaint, however, we liberally construe the amended complaint as advancing a claim that defendants Begic and Hart were deliberately indifferent to Gibbs's safety when they allowed him to walk through the puddle that caused him to slip and fall.  The amended complaint alleges that Begic and Hart were aware that there was a puddle on the ground but led Gibbs to walk through the puddle, which caused him to fall and sustain injuries to his shoulder and back. We find these allegations sufficient to state a deliberate indifference claim upon which relief may be granted.

Before dismissing civil rights claims for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We will deny further leave to amend as futile with respect to

Gibbs's conditions of confinement claim. Gibbs has had multiple opportunities to state a conditions of confinement claim and has failed to do so.

**IV.   Conclusion**

We will grant Gibbs's motion for leave to amend, docket his amended complaint, dismiss the amended complaint with respect to all defendants other than Begic and Hart for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, and order service of the amended complaint on Begic and Hart. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 29, 2023