IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD LEE GIBBS,** | : | CIVIL ACTION NO. 1:23-CV-1360 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **C.O. BEGIC,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

      This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Edward Lee Gibbs, a prisoner in Camp Hill State Correctional Institution ("SCI-Camp Hill"), alleges violations of his civil rights by SCI-Camp Hill employees when they compelled him to walk through a puddle and he slipped and fell. The case is proceeding on Gibbs's amended complaint. Defendants have moved to dismiss the amended complaint. The motion will be denied.

**I.**      **Factual Background & Procedural History**

      Gibbs filed his original complaint on August 10, 2023. (Doc. 1). The court dismissed the complaint in part for failure to state a claim on August 22, 2023, and granted Gibbs leave to amend the complaint on or before September 22, 2023. (Docs. 6-7). Gibbs filed a motion for leave to amend along with a proposed amended complaint on September 15, 2023, and the court received and docketed it on September 20, 2023. (Doc. 8). On September 29, 2023, the court granted the motion for leave to amend, directed the Clerk of Court to docket the amended complaint as a separate docket entry, dismissed the amended complaint in part, and allowed the

case to proceed solely as to Gibbs's deliberate indifference claim against defendants Begic and Hart.  (Docs. 9-10).

According to the amended complaint, Gibbs was walking to attend outside recreation on December 15, 2022, when he informed correctional officers Begic and Pitts,[1] who were both working as correctional officers in the prison, that there was a leak in the ceiling.  (Doc. 8-1 at 5).  Pitts allegedly responded that work orders had been submitted to the prison for years but that the problem had not been fixed.  (Id.) Begic allegedly told Gibbs to "stop bitching" and stated that it was not their problem.  (Id.)

At approximately 4:15 p.m. that day, Begic and Hart, another correctional officer in the prison, escorted Gibbs back to his cell.  (Id.)  Gibbs was handcuffed behind his back.  (Id.)  He allegedly walked through the puddle on the floor, slipped, and fell.  (Id.) The complaint alleges that Begic and Hart did not attempt in any way to lead Gibbs around the puddle on the floor and that they "just watched" as he fell to the floor.  (Id.)  The fall allegedly caused Gibbs to lose consciousness for a short time.  (Id. at 6).  He then regained consciousness and began "yelling in extreme pain."  (Id.)  He was transported to the prison's medical department at approximately 4:22 p.m., where his shoulder was placed in a sling and he was given medication for injuries to his shoulder and back.  (Id.)  Gibbs seeks declaratory relief and damages for alleged deliberate indifference by Begic and Hart.  (Id. at 8).

---

[1] Pitts has been dismissed as a defendant.  (See Docs. 9-10).

## II.      Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal

3

conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.  Discussion**

Gibbs brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a claim for deliberate indifference in violation of the Eighth Amendment, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that risk; and (3) the defendant's deliberate indifference caused him harm.  Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm."  Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

Defendants argue that Gibbs fails to state a deliberate indifference claim upon which relief may be granted because a puddle on the floor of a prison does not constitute a substantial risk of serious harm.  (Doc. 16 at 6).  The court disagrees.  In the specific factual context alleged in the instant case, the court finds that Gibbs has alleged deliberate indifference to a substantial risk of serious harm.  Gibbs does not simply allege that he walked through a puddle; rather, he alleges that while he was handcuffed behind his back Begic and Hart made him walk through the puddle despite having knowledge that the puddle was slippery and that there was an easily accessible way to walk around the puddle.  (See Doc. 11 at 5).  The amended complaint further alleges that defendants "just watched" as Gibbs fell to the floor.

5

(Id.)  These factual allegations are sufficient to allege deliberate indifference to a substantial risk of serious harm.

Defendants cite several cases to the contrary in which courts found that standing water was not a sufficiently serious risk of safety to give rise to an Eighth Amendment claim.  (See Doc. 16 at 5-6).  None of these case, however, creates a *per se* rule that standing water can never give rise to an Eighth Amendment claim, and the facts of all but one of the cases cited by defendants are distinguishable from the instant case because there were no allegations in those cases that defendants affirmatively led the plaintiff through standing water while handcuffed and then failed to help him when he slipped and fell.  See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993); Clayton v. Morgan, No. 11-CV-623, 2012 WL 1448332, at *2-4 (W.D. Pa. Feb. 16, 2012); Denz v. Clearfield County, 712 F. Supp. 65, 66 (W.D. Pa. 1989); Robinson v. Cuyler, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981).

The only case cited by defendants that is factually analogous to this case is Wedemeyer v. City of Williston Unknown Transport Officers, No. 1:07-CV-333, 2007 WL 1855050, *1-3 (D. N.D. June 26, 2007).  In that case, the plaintiff alleged that prison officials transported him from prison to a court hearing wearing no footwear other than "shower shoes" despite there being ice and snow on the ground.  (Id. at *1).  The plaintiff slipped and fell, and the officers allegedly failed to stop his fall.  (Id.)  The plaintiff sued, alleging deliberate indifference, but the court dismissed the claim, noting that "slip and fall accidents generally do not give rise to a cause of action under 42 U.S.C. § 1983," and that the plaintiff's allegations at most amounted to state law negligence.  (Id. at *3).  Although this court acknowledges the factual

6

similarities between this case and Wedemeyer, the court is not bound in any way to follow the decision of a district court located in another circuit. And to the extent Wedemeyer can be viewed as persuasive authority, the court disagrees with its conclusion that affirmatively leading a prisoner to walk through standing water and then failing to help the plaintiff when he subsequently slips and falls on the water is insufficient to allege deliberate indifference. We accordingly find that the amended complaint states a deliberate indifference claim upon which relief may be granted against Begic and Hart.

## IV.  Conclusion

We will deny defendants' motion to dismiss the amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 8, 2024