**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD LEE GIBBS,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 1:23-CV-1360** |
| **v.** | : | **(JUDGE MANNION)** |
| **CORRECTIONAL OFFICER BEGIC, *et al.*,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court in this prisoner civil rights case is defendants' motion for summary judgment. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Plaintiff, Edward Lee Gibbs, filed this case on August 16, 2023, alleging generally that defendants violated his civil rights by compelling him to walk through a puddle, which caused him to fall and suffer physical injuries. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

On August 22, 2023, Judge Conner screened the complaint pursuant to 28 U.S.C. §1915 and 28 U.S.C. §1915A, dismissed Gibbs's Eighth Amendment conditions of confinement claim without prejudice, allowed the

case to proceed to the extent Gibbs alleged that defendants were deliberately indifferent to a risk of serious harm to him in violation of the Eighth Amendment, and granted Gibbs leave to file an amended complaint. (Docs. 6-7).

Gibbs filed a motion for leave to amend and a proposed amended complaint on September 20, 2023. (Doc. 8). On September 29, 2023, Judge Conner granted the motion for leave to amend, docketed the amended complaint, and screened it pursuant to 28 U.S.C. §1915 and 28 U.S.C. §1915A. (Docs. 9-11). Judge Conner dismissed the conditions of confinement claim with prejudice but again allowed the case to proceed to the extent Gibbs alleged deliberate indifference to a substantial risk of serious harm, directed the Clerk of Court to serve defendants Begic and Hartranft [1] with the amended complaint to respond to that claim, and dismissed all other defendants from the case. (Docs. 9-10).

Defendants moved to dismiss the amended complaint on December 1, 2023, arguing that the amended complaint failed to state a deliberate

[1] Gibbs identifies this defendant as "Hart" in his pleadings, but defendants assert that his correct name is "Hartranft." (Doc. 30 at 1 n.1). Gibbs has not disputed this information in his response to the motion for summary judgment. Accordingly, the court will refer to this defendant as "Hartranft" throughout the remainder of this opinion.

indifference claim upon which relief could be granted because standing water on a floor does not constitute a substantial risk of serious harm. (Doc. 15). At that stage of the litigation, Judge Conner denied the motion to dismiss on May 8, 2024, concluding that in the specific factual context alleged in the amended complaint, the standing water on the floor could be considered a substantial risk of serious harm. (Docs. 18-19).

Defendants answered the amended complaint on June 21, 2024. (Doc. 26). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. Defendants filed the instant motion for summary judgment on January 31, 2025, along with a statement of material facts and a supporting brief. (Docs. 29-31). Gibbs responded to the motion and the statement of material facts on February 25, 2025. (Docs. 33-34). Defendants have not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The motion is accordingly ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.

2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III. MATERIAL FACTS[2]

Gibbs was an inmate in Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times. (Doc. 31 ¶1). On December 15, 2021, Gibbs slipped and fell on a puddle while being escorted to his cell. (Doc. 31 ¶2; Doc. 34 ¶¶1-3).

The parties agree that defendant Hartranft was one of the correctional officers escorting Gibbs when he fell. (Doc. 31 ¶3; Doc. 34 ¶1). The parties disagree, however, as to whether defendant Begic was also escorting Gibbs, as well as many of the pertinent facts regarding the fall.

According to defendants' statement of facts, Begic was not present at the time Gibbs fell. (Doc. 31 ¶4). Defendants assert that the puddle Gibbs

---

[2] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. The facts in this section are derived from the parties' Rule 56.1 statements. (*See* Docs. 31, 34). Although Gibbs's statement of material facts does not directly respond to the factual assertions in defendants' statement, the substance of the statement can easily be understood as a direct response to defendants' statement and will be liberally construed as such. The court construes the facts in the light most favorable to Gibbs as the non-moving party, but where Gibbs has not contradicted a factual assertion in defendants' statement, the court treats the assertion as undisputed and cites directly to defendants' statement to support the fact.

slipped on was in a doorway between the prison's D and C pods. (*Id.* ¶6). The doorway in which the puddle was located was, according to defendants, a very narrow space that passed directly by the "bubble," a secure location where correctional officers control the security of the housing unit. (*Id.* ¶¶5-7). Defendants assert that Hartranft tried to escort Gibbs around the puddle as much as possible, but that Gibbs had to walk through the puddle because Hartranft did not want to bring him directly next to the bubble door and potentially jeopardize the security of the housing unit. (*Id.* ¶8). Defendants have produced interrogatory responses from Hartranft, in which he states that the only possible alternative path to escort Gibbs back to his cell was to take him directly past the bubble door. (Doc. 31-1 at 5). Hartranft also states that when Gibbs fell, Hartranft had a hold of his arm and tried to keep Gibbs from falling. (*Id.*)

Contrary to defendants' statement, Gibbs's statement of material facts asserts that both Hartranft and Begic were escorting him, that there was a viable path around the puddle, and that Hartranft and Begic did nothing to stop Gibbs from falling. (Doc. 34). Gibbs has produced declarations from three inmates, Kashif Ellis, Cordero Smith, and Andrew Nathaniel Bingham, II, who state that they witnessed the event and that the defendants led Gibbs

directly through the puddle and did not attempt to help him when he fell. (Doc. 34-1 at 2-4).

## IV. DISCUSSION

Gibbs's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Gibbs's claims allege deliberate indifference in violation of the Eighth Amendment. To succeed on this claim, he must prove that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendants were deliberately indifferent to that risk; and (3) the defendants' deliberate indifference caused him harm. *Williams v. Sec'y Pa. Dep't of Corrs.*, 117 F.4th 503, 514 n.58 (3d Cir. 2024). The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." *Beers-Capitol v. Wetzel*, 256 F.3d 120, 132 (3d Cir. 2001). The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* at 125.

Defendants argue in their motion for summary judgment that: (1) defendant Begic is entitled to summary judgment because he was not personally involved in the alleged civil rights violations; (2) that defendants are entitled to summary judgment to the extent Gibbs asserts claims based on the conditions of his confinement; and (3) that defendant Hartranft is entitled to summary judgment to the extent Gibbs alleges he was deliberately indifferent to a risk of serious harm to Gibbs because record evidence shows that Hartranft did not act with deliberate indifference. (Doc. 30).

Gibbs notes that the conditions of confinement argument is frivolous because Judge Conner dismissed the conditions of confinement claim with prejudice, (Doc. 33 at 3), but otherwise opposes the motion for summary judgment, arguing that there is sufficient evidence in the record to establish Begic's personal involvement and both defendants' deliberate indifference. (Doc. 33).

At the outset, Gibbs is correct that any arguments regarding his conditions of confinement claim are immaterial because that claim was previously dismissed with prejudice. (*See* Docs. 9-10).

With regard to the remaining claim that defendants were deliberately indifferent to a substantial risk of serious harm to Gibbs when they compelled him to walk through a puddle, the court finds that there are genuine disputes of fact as to whether Begic was personally involved and what actions or non-actions the defendants took when Gibbs fell. However, these disputes of fact are not material because they would not affect the outcome of the trial under governing substantive law. *Anderson*, 477 U.S. at 248.

Viewed in the light most favorable to Gibbs as the nonmovant, the facts would show that Begic and Hartranft led Gibbs directly through a puddle while he was handcuffed despite the ability to go around it and then watched as Gibbs slipped and fell. (*See* Doc. 34-1 at 2-4). Even if these facts were

established at trial, the court finds that they would be insufficient to establish that defendants acted with deliberate indifference to a substantial risk of serious harm. Although the court notes Judge Conner's earlier conclusion that standing water *could* constitute a substantial risk of serious harm in certain circumstances, (*see* Doc. 18 at 6), the court finds that the facts of this case do not establish a substantial risk of serious harm.[3] It is clear from the record that in this instance, Gibbs was only compelled to walk through a puddle and not a large amount of standing water. Even considering that he was handcuffed, the defendants could reasonably assume that Gibbs would be able to walk through the puddle without sustaining injury simply by exercising ordinary caution and care. Defendants' actions of compelling Gibbs to walk through the puddle simply do not rise to the level of "knowingly and unreasonably disregarded an objectively **intolerable** risk of harm" (*Williams, Id*.) (emphasis added) and therefore is not deliberate indifference to a risk of serious harm to Gibbs. Accordingly, the motion for summary judgment will accordingly be granted.

---

[3] The court is also not bound by Judge Conner's opinion to conclude that defendants' actions constitute deliberate indifference. A decision addressing a motion to dismiss does not constitute law of the case for a subsequent ruling on a motion for summary judgment in the same case. *Wiest v. Tyco Electronics Corp.*, 812 F.3d 319, 329-30 (3d Cir. 2016).

## V. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment and close this case. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated: June 26, 2025**
23-1360-01